NOT FOR PUBLICATION

RECEIVED
2007 FEB -5 PM 4: 19

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

ASWA MILLS, )
) D.C. Crim. App. No. 2002-167
     Appellant, )
) Re: Super. Ct. Crim. No. 47/2002
)
v. )
)
GOVERNMENT OF THE VIRGIN ISLANDS, )
)
     Appellee. )
                                )

Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: The Honorable Ive Arlington Swan

APPEARANCES:

Ashlee M. Gray, Esq.
St. Thomas, U.S.V.I.
     For the appellant,

Matthew C. Phelan, Esq.
St. Thomas, U.S.V.I.
     For the appellee.

MEMORANDUM OPINION

GÓMEZ, C.J.

     This matter is before the Court for a determination whether

this appeal should be dismissed for want of jurisdiction.[1]

---

[1] The presiding judge of the Appellate Division of this
Court may rule alone on motions pertaining to jurisdictional
matters or alleged failures to comply with the Local Rules of

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2000, after a bench trial in the Superior Court of the Virgin Islands,[2] Aswa Mills ("Mills") was adjudged guilty of simple assault and battery. He was sentenced to thirty days in prison (the "April 2000 Assault Case"). That case was captioned Government v. Aswa Mills and bore Criminal Case No. 525/99.

On February 22, 2002, after a jury trial in the Superior Court, Mills was found guilty of premeditated murder, felony murder, possession of a deadly weapon during the commission of a crime of violence, attempted robbery, and unauthorized possession of a firearm. He was sentenced to two concurrent life sentences in prison without parole for the crime of premeditated murder as well as concurrent sentences totaling twenty years for several lesser charges. That case was captioned Government v. Aswa Mills and bore Criminal Case No.F47/2002.

On March 19, 2002, Mills filed a *pro se* notice of appeal

---

Appellate Procedure. *See* 48 U.S.C. § 1613a(b) ("[T]he presiding judge alone . . . may dismiss an appeal for want of jurisdiction or failure to take or prosecute it in accordance with the applicable law or rules of procedure.").

[2]  The Superior Court was previously known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, the Court employs the terms Superior Court and judge of the Superior Court.

("NOA") with the Superior Court. The NOA bears no signature,
identifies the case number of the decision being appealed as
525/1999, and states as follows, in pertinent part:

> Notice is hereby given that the Government of the
> Virgin Islands v. Aswa Mills hereby appeal to the
> United States Court of Appeals for the Second Circuit
> from the final judgement [sic] from an order of
> conviction entered on April 6, 2000.

(Appellant's App'x, vol. 1, at 1.)

On June 28, 2002, the Superior Court entered judgment
against Mills in case number F47/2002 (the "June 2002 Murder
Case") and sentenced him to life in prison.

On September 13, 2002, the Superior Court delivered the
March 2002 Notice of Appeal and the June 2002 judgment to this
Court.

On October 3, 2002, the Clerk of Court sent a letter to
Mills' attorney, Stephen A. Brusch, notifying him of his
obligation to file a transcript purchase order and to pay the
docketing fee. On October 15, 2002, Mills submitted a transcript
purchase order and paid the docketing fee.

On November 21, 2002, the Superior Court forwarded to this
Court a certified copy of its docket in the June 2002 Murder
Case.

The Clerk of this Court issued a briefing schedule on April
3, 2003, requiring Mills to file his opening brief by May 13,

2003 and the government to file its brief within thirty days of service of Mills' brief. On December 24, 2003, the magistrate judge granted Mills' motion for an extension of time and ordered Mills to file his opening brief by January 15, 2004. Mills did not do so. Instead, he filed his brief on May 14, 2004. He did not seek or obtain permission to file his brief by that date.

On June 2, 2004, the government filed a notice of appearance and moved to hold the briefing schedule in abeyance due to what the government described as Mills' defective NOA. On that same day, the government moved to dismiss this matter based on the NOA's alleged defects. Mills filed an opposition to the motion to dismiss. Both motions are pending.

In February 2004, a grievance alleging ethical violations by Stephen A. Brusch was filed with the Ethics and Grievance Committee of the Virgin Islands Bar. *See V.I. Bar v. Brusch*, 49 V.I. 409, 413 (V.I. 2008). At the conclusion of a hearing in September 2006, the Committee determined that Brusch should be disbarred and filed a petition with the Supreme Court of the Virgin Islands requesting Brusch's disbarment. *Id.* at 414. On March 3, 2008, the Supreme Court disbarred Brusch.

On July 8, 2008, this Court relieved Brusch of his representation of Mills in light of his disbarment and appointed Ashlee M. Gray as Mills' new attorney. Gray filed a notice of

appearance on November 24, 2008.

On June 12, 2009, the Court held a status conference with the parties regarding the government's motions. The Court encouraged the parties to review the docket in this matter and allowed them to file supplemental papers regarding the government's motion to dismiss. Both parties have filed supplemental papers.

## II. DISCUSSION

The government essentially spotlights two alleged defects in Mills' NOA. First, the government maintains that the NOA is untimely. Second, the government argues that the NOA does not provide sufficient notice.

### A.    Timeliness of the NOA

Virgin Islands Rule of Appellate Procedure 5(b)(1) ("Rule 5(b)(1)") provides:

> In a criminal case, a defendant shall file the notice of appeal in the Superior Court within ten days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence, or order -- but before entry of the judgment or order -- is treated as filed on the date of and after the entry of judgment.

V.I. R. APP. P. 5(b)(1).

The judgment and commitment convicting Mills in the April 2000 Assault Case was entered into the Superior Court's docket on

April 26, 2008. His NOA was filed on March 19, 2002. Clearly, to the extent Mills seeks to appeal his conviction in the April 2000 Assault Case, his NOA was untimely.[3] *See Vigilant v. Gov't of the Virgin Islands*, No. 02-116, 2002 U.S. Dist. LEXIS 18025, at *6-7 (D.V.I. App. Div. Sept. 19, 2002).

To the extent that the Notice of Appeal seeks review of Mills' 2002 Murder Case, the Court's conclusion is different. As noted above, while the NOA was filed more than ten days after the entry of judgment in the April 2000 Assault Case, it was filed several months before the entry of judgment in the 2002 Murder Case. The jury returned a verdict in the 2002 Murder Case on February 22, 2002.

In accord with Rule 5(b)(1), to the extent the NOA seeks review of the murder conviction it will be treated as filed on the date of entry of judgment.

**B. Sufficiency of the NOA**

Timeliness is only one of the government's concerns.

---

[3] Under the VIRAP, "[u]pon a showing of excusable neglect, the Appellate Division may -- before or after the time has expired, with or without motion and notice -- extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision." VIRAP 5(b)(5). Mills cannot avail himself of this provision, as he has not made, or even attempted to make, a showing of excusable neglect. In any event, more than thirty days have elapsed since the initial ten-day period allotted for appealing the conviction in the April 2000 Assault Case.

Although Mills' NOA is timely -- at least to the extent it challenges the conviction in the 2002 Murder Case -- it must also provide sufficient notice to the government. To that end, Virgin Islands Rule of Appellate Procedure 4(c) ("Rule 4(c)") provides:

> The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from and the reason(s) or issue(s) to be presented on appeal. An appeal shall not be dismissed solely for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice, but any omission of matters of substance may be grounds for sanctions.

V.I. R. App. P. 4(c).

That rule is similar in language and function to Federal Rule of Appellate Procedure 3(c) ("Federal Rule 3(c)"). Given the manifest similarities between Rule 4(c) and Federal Rule 3(c), the federal courts' interpretation of Federal Rule 3(c) offers persuasive guidance in the interpretation of Rule 4(c), at least under the circumstances presented in this matter.

Here, the main error that the government assigns to Mills' NOA is his failure to properly designate the judgment from which he appeals.[4]

---

[4] The Court notes as well that the NOA is not signed by either Mills or an attorney. The absence of a signature is problematic, as Federal Rule of Civil Procedure 11(a), which applies in the Superior Court, *see* Super. Ct. R. 7, requires the signature of an attorney or a party if the party is unrepresented. *See* Fed. R. Civ. P. 11(a). However, the lack of a

In considering Mills' NOA, the Court is guided by the Third
Circuit Court of Appeals' decision in *United States v. Carelock*.
In that case, Olanda Carelock appealed the sentence that he
received following the revocation of his supervised release. The
district court's judgment was entered on April 25, 2005. On
April 29, 2005, Carelock's counsel electronically filed an NOA
with the district court. The NOA had the wrong defendant's name,
the wrong docket number, the wrong district judge's name and the
wrong judgment date.

On July 25, 2005, the case was docketed in the Third
Circuit. The Third Circuit clerk notified the parties of a
possible jurisdictional defect due to the incorrect NOA. On
August 4, 2005, Carelock's counsel sent a notice to the court
explaining the mistake (the information on the NOA actually
pertained to another of that counsel's clients). That same day,
the court received a correct NOA. In rejecting Carelock's
argument that the NOA should be construed as the "functional
equivalent" of what the Federal Rules of Appellate Procedure

---

signature is a technical defect that may be cured, so long as the
NOA is timely. *See, e.g.*, *Becker v. Montgomery*, 532 U.S. 757, 768
(2001) (holding that the omission of a signature on a timely NOA
is a curable error that does not constitute a jurisdictional bar
to hearing the appeal); *Casanova v. DuBois*, 289 F.3d 142, 146
(1st Cir. 2002) (holding that the omission of co-plaintiffs'
signatures on an NOA is curable in light of *Becker* and the
court's obligation to read *pro se* complaints generously).

require, the Third Circuit reasoned as follows:

> The mere act of electronically filing the defective
> notice of appeal, the contents of which only comply
> with one of Rule 3(c)(1)'s three requirements, does not
> constitute a functional equivalent of what the rule
> requires. We are conscious of our duty to liberally
> construe the requirements of Rule 3(c), but we cannot
> shoehorn this defective notice into the category of
> things that we have held to be functional equivalents.
> All the cases cited by this Court in [*In re Continental
> Airlines*, 125 F.3d 120 (3d Cir. 1997)] as examples of
> functional equivalents deal with the filing of
> documents that, although not captioned as notices of
> appeal, at least contained the required information of
> Rule 3(c)(1) and provided notice to the appropriate
> parties that the defendants intended to appeal the
> relevant judgments of the district courts. Carelock's
> request that we consider the mere act of electronically
> filing the defective notice of appeal to be the
> functional equivalent of what Rule 3(c) requires
> borders upon asking us to consider his subjective
> intent in filing the defective notice. This, however,
> is not the relevant test. *It is the notice afforded by
> a document, not the litigant's motivation in filing it
> that determines the document's sufficiency as a notice
> of appeal.*

*Id.* at 442-43 (emphasis supplied) (footnote, other alteration,

quotation marks and citation omitted). The Third Circuit

concluded that "there is no evidence that either the government

or District Court was or should reasonably have been put on

notice by the April 29 notice that Carelock intended to appeal

his sentence." *Id.* at 443 (footnotes omitted). Thus, the court

dismissed the appeal for lack of jurisdiction.

Here, although Mills now claims that he intended to appeal

the June 2002 Murder Conviction, his NOA designates the docket

number from the April 2000 Assault Case. Under some
circumstances, an NOA inadvertently filed under the wrong docket
number may be treated as if it had been filed under the correct
docket number. *See, e.g., United States v. Grant*, 256 F.3d 1146,
1150-51 (11th Cir. 2001); *Marshall v. Hope Garcia Lancarte, Inc.*,
632 F.2d 1196, 1197 (5th Cir. 1980); *Scherer v. Kelley*, 584 F.2d
170, 174-75 (7th Cir. 1978). Here, however, there is no basis
for concluding that Mills *inadvertently* filed his NOA in the June
2002 Murder Case rather than the April 2000 Assault Case. In
fact, before the Court made an inquiry of the parties at the June
12, 2009, status conference, Mills never informed the Court of
his error or asked to amend his NOA to reflect that he was
challenging his conviction in the June 2002 Murder Case. *See Gray
v. Evercore Restructuring, L.L.C. (In re High Voltage Eng'g
Corp.)*, 544 F.3d 315, 319 n.5 (1st Cir. 2008) ("[T]here is no
reason to believe that the trustee inadvertently filed his notice
of appeal in the 2005 cases rather than in the 2004 cases. He
has never claimed mistake, nor has he sought to amend his notice
of appeal to reflect a different docket number.").

Furthermore, even assuming inadvertent error here, in cases
involving such error, other indicia in the NOA provide sufficient
notice to the appellee of the judgment being appealed from. *See,
e.g., Grant*, 256 F.3d at 1151; *Scherer*, 584 F.2d at 174. Here,

however, there are no such indicia, other than the fortuity of

Mills' NOA having been filed some four weeks after the jury found

him guilty in the June 2002 Murder Case. Indeed, in addition to

the fact that Mills' NOA refers to the Superior Court's docket

number in the April 2000 Assault Case, it designates a judgment

dated April 6, 2000. Importantly, that very date is the one on

which Mills was tried in the April 2000 Assault Case.

Given the various references in Mills' NOA to the April 2000

Assault Case and the absence of any reference in the NOA to the

June 2002 Murder Case, no intellectual leap is required to

understand how the government could have been -- and in fact was

-- thrown off course.[5] *See United States v. Glover*, 242 F.3d 333,

336 (6th Cir. 2001) (explaining that "the decision what to appeal

is left almost exclusively to the discretion of the appellant"

and that "a . . . loosening of the requirement 'to designate the

_____

[5] In his supplemental papers, Mills' several arguments
suggest that the Court should elevate his subjective intent in
his NOA over the objectively perceived information provided in
his notice of appeal. (*See* Appellant's Resp. Appellee's Supp.
Mot. Dismiss 4) ("Mills has clearly evidenced his intention to
appeal the conviction he obtained in 2002."). That suggestion is
unconvincing, as the Supreme Court has explicitly rejected just
such an approach. *See Barry*, 502 U.S. at 248 ("[T]he notice
afforded by a document, not the litigant's motivation in filing
it, determines the document's sufficiency as a notice of
appeal."); *see also Smith v. Grams*, 565 F.3d 1037, 1043 (7th Cir.
2009) (declining to "delve into [the petitioner's] subjective
intentions when he filed his . . . notice of appeal").

*Mills v. Gov't of the V.I.*
D.C. Crim. App. No. 2002-157
Memorandum Opinion
Page 12

judgment, order, or part thereof being appealed' -- would . . .
too frequently require . . . sort[ing] through a morass of
objective and subjective factors to meditate upon and divine the
party's intended appellate targets"). Mills' unsupported and
conclusory contention in his supplemental papers that the Court
should conclude that his NOA provides sufficient notice and
should disregard what he qualifies as a "simple mistake," is
therefore unpersuasive. *See Isert v. Ford Motor Co.*, 461 F.3d
756, 761 (6th Cir. 2006) (rejecting the appellants' argument that
"no genuine doubt exists about what judgment they were appealing"
because "wishing, even hoping (from the court's perspective),
does not make it so" (alteration, internal quotation marks and
citation omitted)).

It bears noting as well that Mills filed this appeal *pro se*
in March 2002. In September 2002, the Clerk of Court sent his
subsequently-engaged attorney a letter regarding the briefing
schedule. The government's motion to dismiss was not filed until
June 2004. Inexplicably, Mills' counsel filed an opposition to
the motion in August 2006. In other words, it took some two
years after the motion to dismiss was filed and a remarkable four
years after the appeal was docketed for Mills to explain the
discrepancy in his NOA. *Cf. Carelock*, 459 F.3d at 440 ("It bears
comment that [counsel's] attempt to explain and correct the April

29, 2005 notice took place a little over 90 days after the mistake actually had been made and counsel had been alerted that there was a problem with the electronic filing.").

"It is an elementary principle that a notice of appeal cannot be filed in a desultory fashion but, rather, must specify a particular order or judgment and must be filed within the four corners of the case in which that order or judgment was entered." *Gray*, 544 F.3d at 318 (citations omitted). It is clear that Mills failed to comply with this elementary dictate by failing to give the government sufficient notice of the judgment he intended to appeal. It is just as clear that both his counsel and he have failed to offer an even remotely timely, or convincing, explanation.

## III. CONCLUSION

For the reasons given above, the Court will dismiss this appeal. An appropriate order follows.


Dated: February 5, 2010

CURTIS V. GÓMEZ
Chief Judge